875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth BAGGETT, Plaintiff-Appellant,
v.
John T. WIGGINTON, Vertner L. Taylor, Al C. Parke, Larry T.
Chandler, Lt., Francis Cooper; Anthony Eaton, Lt., Terry
Bell, Belinda Lee, C.O. Thurman, Jack Leets, Kerry Martin,
Edwin Combs, Lt., William Kidder, Ella Smith, Jim Grider,
Defendants-Appellees.
 No. 88-6179.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Kenneth Baggett, a pro se Kentucky prisoner, appeals the district court's sua sponte dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983, 1985 and 1986. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Baggett sued these fifteen prison officials alleging that they conspired to file false misconduct reports against him. Specifically, Baggett alleged that on three separate occasions he was wrongfully "written up" for facilitating the escape of another inmate, for possession of dangerous contraband, and for possession of marijuana. All three charges were ultimately dismissed following Adjustment Committee hearings. Baggett alleged that because of these unfounded charges he was placed in administrative segregation, he lost his prison jobs, and he was threatened with the possibility of transfer. Baggett also argued that his rights were violated when he was not permitted to have an inmate legal aide at his reclassification hearing. The district court summarily dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Baggett failed to allege a violation of his constitutional rights.
 
 
 3
 Initially, we note that on appeal Baggett argues that the defendants have violated certain provisions of the consent degree entered in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981). We decline to address these claims, because they were not first presented to the district court. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 4
 The complaint alleges that Baggett was the victim of a conspiracy to violate his constitutional rights, Baggett having been charged with three separate incidents of misconduct all of which were ultimately resolved in his favor.
 
 
 5
 It is well established that "conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under Sec. 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987). We do not believe the allegations here are sufficient to support Baggett's conspiracy claim. This case is very different from Cale v. Johnson, 861 F.2d 943 (6th Cir.1988), in which the prisoner's complaint specifically pled facts that would support a finding that prison officials had deliberately planted evidence and taken other actions to set up the prisoner on false charges. Baggett has not alleged that prison officials orchestrated the escape that Baggett was later charged with facilitating, nor has he alleged that they planted the marijuana that served as the basis for the other two disciplinary charges. The mere filing of administrative charges that are not ultimately sustained does not constitute a violation of the Constitution.
 
 
 6
 We find no error in the dismissal of Baggett's complaint, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.